FILED

2024 Feb-29  AM 10:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MELISSA FENDLEY,
an individual,

      Plaintiff,

                                  CASE NO:

vs.

GRANTS MILL STATION, LLC,

      Defendant.

_____/

## COMPLAINT

      Plaintiff, MELISSA FENDLEY ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues GRANTS MILL STATION, LLC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq*., ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

      1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA").  This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

      2.     Venue is proper in this Court, the Northern District of Alabama

pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Northern District of Alabama.

3.     Plaintiff, MELISSA FENDLEY (hereinafter referred to as "FENDLEY") is a resident of Jefferson County, Alabama and is a qualified individual with a disability under the ADA.  FENDLEY suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from paraplegia and requires a wheelchair for mobility.  Prior to instituting the instant action, FENDLEY visited the Defendant's premises at issue in this matter numerous times, and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA.  FENDLEY continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4.     The Defendant, GRANTS MILL STATION, LLC, is a domestic limited liability company registered to do business and, in fact, conducting business in the State of Alabama.  Upon information and belief GRANTS MILL STATIONS, LLC, (hereinafter referred to as "GMS") is the owner, lessee and/or operator of the real property and improvements that are the subject of this action, specifically: Grants Mill Station Shopping Center located at 5415 Beacon Drive, Irondale,

Alabama (hereinafter referred to as the "Shopping Center").

5.      All events giving rise to this lawsuit occurred in the Northern District of Alabama.

## COUNT I - VIOLATION OF THE ADA

6.      On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*.  Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements.  The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7.      Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Shopping Center owned by GMS is a place of public accommodation in that it is a retail shopping center operated by a private entity that provides goods and services to the public.

8.      Defendant has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Shopping Center in derogation of 42 U.S.C §12101 *et seq*.

9.      The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Shopping Center owned by

GMS.  Prior to the filing of this lawsuit, Plaintiff personally and regularly visited the Shopping Center at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers to access listed in Paragraph 11, below, that she personally encountered.  In addition, Plaintiff continues to desire and intends to visit the Shopping Center, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the Shopping Center in violation of the ADA.  FENDLEY has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's, deliberate and knowing violations of the ADA.

10.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11.     GMS is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations that Plaintiff personally encountered:

      i.     There are an insufficient number of accessible and van accessible parking spaces provided in the parking lot serving the Shopping Center;

4

ii.     The accessible parking spaces are not dispersed as necessary to provide accessible parking on the shortest accessible route to each tenant space;

iii.    The majority of parking spaces provided that have some indicia of accessibility lack an adjacent striped access aisle that is necessary for a wheelchair user to avoid being blocked from his or vehicle by a vehicle parked in an adjacent parking space;

iv.     Some the parking spaces with some indicia of accessibility are not designated as accessible with raised signs;

v.      No van accessible parking spaces are designated as such with raised signage;

vi.     The curb ramp located between tenant spaces number 131 and 129 contains excessive slopes that are too steep for a wheelchair user;

vii.    The accessible route between tenant spaces is often obstructed by permanent obstructions such as the many items and pallets stored on the sidewalk adjacent to the Southeastern Salvage Home Emporium tenant space, as well as outdoor dining tables on the sidewalk adjacent to the Marty's Eagle's Nest, and Gus's Hot Dogs tenant spaces;

viii.   The public toilet room within the Gus's Hot Dog tenant space is not designated with accessible signage, contains knob-style door hardware and lavatory faucet hardware that requires tight grasping and twisting of the wrist to operate, lacks a rear grab bar at the water closet, has a lavatory that does not provide knee and toe clearance for a wheelchair user, a mirror and a paper towel dispenser that are mounted too high for a wheelchair user;

ix.     The Marty's Eagles Nest tenant space lacks a wheelchair accessible toilet room. None of the existing toilet rooms are designated with accessible signage and the sole toilet room with

some indicia of accessibility has door hardware that is too high for a wheelchair user, lacks a rear grab bar at the water closet, has a flush control on the water closet that faces the closed side of the toilet room so that it is out of reach of a wheelchair user, has pipes beneath the lavatory that are not insulated to protect a wheelchair user, and a paper towel dispenser that is out of reach.

x.      None of the exterior dining tables at Gus's Hot Dogs and Marty's Eagles Nest are wheelchair accessible;

12.     There are other current barriers to access and violations of the ADA at the Shopping Center owned and operated by GMS that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13.     To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14.     Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, GMS was required to make its Shopping Center, a place of public accommodation, accessible to persons with disabilities by January 28, 1992.  To date, GMS has failed to comply with this mandate.

15.     Pursuant to 28 CFR §36.211, Defendant is required to maintain its

accessible features in operable working condition in a manner that is readily accessible to and usable by individuals with disabilities. To date, Defendant has also failed to comply with this mandate.

16.    Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

17.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against GMS and requests the following injunctive and declaratory relief:

A.    That the Court declare that the property owned and administered by Defendant is violative of the ADA;

B.    That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.    That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to

allow them to undertake and complete corrective procedures;

D.      That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E.      That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 28th day of February, 2024.

Respectfully submitted,

By:   _/s/ Edward I. Zwilling_____
Edward I. Zwilling, Esq.
AL State Bar No.: ASB-1564-L54E

**OF COUNSEL:**

Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Dr.
Birmingham, Alabama 35242
Telephone:  (205) 822-2701
Email: edwardzwilling@zwillinglaw.com